Michael **C.** SUHY, Petitioner,

v.

**PEOPLE OF the STATE OF WISCONSIN, Respondent.**

**Civ. A. No. 94–C–571.**

United States District Court, E.D. Wisconsin.

June 10, 1994.

Michael E. Suhy, petitioner pro se.

E. Michael McCann, Dist. Atty., Milwaukee, WI, for respondent.

*ORDER*

TERENCE T. EVANS, Chief Judge.

Michael Suhy seeks to remove to this court a State of Wisconsin disorderly conduct case (# 2308316) pending against him in the circuit court for Milwaukee County because, he says, the case there violates his first amendment rights under the United States Constitution. He also seeks leave to proceed *in forma pauperis.*

The situation presented here requires evaluation pursuant to the standards of poverty and frivolousness set out in 28 U.S.C. § 1915 and pursuant to 28 U.S.C. § 1446(c)(4) to determine whether it should be summarily remanded even if leave to proceed *in forma pauperis* is granted. The two-step procedure is analogous to procedures followed under the "habeas corpus" statute, 28 U.S.C. § 2254.

State criminal proceedings can be removed to federal court if, in limited circumstances, federal officers are being prosecuted (28 U.S.C. § 1442); if members of the Armed Forces are being prosecuted (28 U.S.C. § 1442a); or if a person's civil rights are being violated (28 U.S.C. § 1443). Mr. Suhy contends that his prosecution in state court for disorderly conduct violates his federal civil rights.

Regardless of how the poverty issue presented by Mr. Suhy is resolved, Mr. Suhy's case must be summarily remanded to state court. The procedures for removal of criminal cases are set out in 28 U.S.C. § 1446(c). The statute provides that once a notice of removal is filed, the district court

shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that re-

moval should not be permitted, the court shall make an order for summary remand. Section 1446(c)(4).

The disorderly conduct complaint against Mr. Suhy alleges that on September 10, 1993, he and three other men were attached to an automobile by metal shackles, which appeared to be welded around their ankles. The automobile was directly against, and blocking, the back door of a building at 8634 West Brown Deer Road in Milwaukee, Wisconsin. The complaint goes on to allege that several Milwaukee Fire Department emergency rescue personnel spent 3½ hours removing the four men as well as six persons similarly welded to a van blocking the front door of the clinic. Inferentially, because it is not made clear on the face of the complaint, this activity was done without the consent of the person in lawful possession of the building.

Mr. Suhy seeks to remove the state case against him to this court because somehow it violates his "First Amendment right to peaceful assembly and freedom of expression of his religious belief...." Mr. Suhy is mistaken. He is not being prosecuted for exercising his rights to peacefully assemble or his right to exercise his religion or his right to speak. What Mr. Suhy is alleged to have done in the complaint, if true, goes beyond peaceful assembly and heads directly into the area of disorderly conduct—at the very least. It is hard to say that his being welded to a car, which is parked on the property of someone else, is somehow related to the exercise of his religion or that his being welded to a car with three other people means he is exercising his right to assemble. Lastly, Mr. Suhy's freedom of speech rights do not appear to be in any way impermissibly implicated by the state complaint.

For these reasons, I will be sending this case back to the Milwaukee County circuit court where it belongs. Mr. Suhy need not despair, however, about not being able to litigate this case in federal court. He is one of six persons charged this week in federal court under the Freedom of Access to Clinic Entrances Act of 1994 for actions allegedly similar to those charged in this state case. In his federal case he will have an opportunity to argue many of these same issues before my very able colleague, Judge J.P. Stadtmueller.

IT IS THEREFORE ORDERED that this action be immediately REMANDED to the circuit court for Milwaukee County for further proceedings.